HUGHES' EX'R *et al.*

*v.*

WILSON *et al.*

DOAK *v.* HUGHES' EX'R *et al.*

(*Supreme Court of Appeals of Virginia, Feb. 20, 1896.*)

[24 S. E. Rep. 240.]

**Assignment of Wife's Property—Validity—Estoppel—Case at Bar.**

Where a married woman assigns a judgment as a part of her separate estate, and dies solvent, leaving her husband the sole devisee and executor of her estate; and he thereafter ratifies the assignment, and dies pending a settlement of his wife's estate, leaving to beneficiaries a solvent estate consisting largely of the property acquired under the will of his wife, the beneficiaries are estopped from questioning the validity of the assignment.

Appeal from circuit court, Gloucester county.

Suits in chancery by George Hughes' executor and others against Maggie C. Thompson and others, and by James Doak against George Hughes' executor and others, were heard together. From a decree therein in favor of C. E. Wilson, Robert F. Ross, the administrator with the will annexed of George Hughes, appeals. Affirmed.

*John B. Donovan*, for appellants.

*W. B. Taliaferro, Maryus Jones, J. L. Taliaferro, C. B. Cary*, and *W. C. L. Taliaferro*, for appellees.

CARDWELL, J., delivered the opinion of the court.

This appeal is from a decree of the circuit court of Glou-

cester county, pronounced in a chancery proceeding instituted for the settlement of the estates of George Hughes and Mary F. Hughes, his wife, both deceased.    The controversy here arises out of an assignment by Mrs. Hughes of a judgment confessed in her favor by John Prosser Tabb to William Dickson, and by the latter assigned to appellee C. E. Wilson, as trustee for the creditors of Dickson.    The judgment was a part of Mrs. Hughes' separate estate, and her assignment to Dickson is in the following words : "Gloucester Courthouse, June 22, 1881.    For value received, I do hereby assign all my interest in the within judgment to William Dickson, his heirs or assigns. Annie F. Hughes, by Geo. Hughes, Her Atty. in Fact."    The facts appearing in this record touching this controversy may be briefly stated as follows : Mrs. Hughes died in 1887, leaving her husband, George Hughes, her executor and sole devisee.    George Hughes died in 1889, and by his will left all of his property to the appellants, which property mainly, if not altogether, was the property acquired by George Hughes under the will of his deceased wife, and was, of course, charged with the payment of her debts.    In the chancery suits above referred to, a commissioner of the circuit court, under a decree referring the cause to him, to report the outstanding debts against the estate of George Hughes and of Annie F. Hughes, his wife, reported a debt against Mrs. Hughes' estate in favor of C. E. Wilson, trustee, on account of the balance due on the judgment assigned to William Dickson, as above stated, and this report was excepted to by appellant, who claimed under George Hughes.    It also appears that a short time prior to the death of George Hughes, in a proceeding to enforce the liens upon J. Prosser Tabb's estate, this judgment, assigned to Dickson by Mrs. Hughes, was sought to be enforced, and George Hughes retained counsel to contest the assignment, but afterwards retraced his steps, and addressed to Dickson the following communication :

"Gloucester   Courthouse,   May   28,   1888.   Mr.   William

Dickson, New York : In relation to the judgment confessed by the late Dr. J. Prosser Tabb in favor of my deceased wife, Mrs. Annie F. Hughes, for some $2,600.00, and now constituting a lien on the estate known as 'Ditchly,' I hereby withdraw all claims against it, and you are hereby authorized to direct your counsel, Gen'l W. B. Taliaferro, to that effect. Any further assurance or acts of mine to enable you to collect same will be performed by me when called on by your counsel. Geo. Hughes."

"This judgment is assigned for the benefit of William Dickson, Geo. Hughes, Executor of Mrs. Annie F. Hughes."

Upon the production of this paper by Dickson all controversy as to the assignment of the judgment by Mrs. Hughes to him was withdrawn, and Tabb's estate was sold, and, after paying prior liens thereon, it fell short of satisfying the judgment due Dickson by the amount which is reported by the commissioner in this suit as due from Mrs. Hughes, the assignor, to Wilson, trustee. Maryus Jones and Gen. William B. Taliaferro, witnesses introduced on behalf of appellee, both testify that George Hughes, in his lifetime, abandoned all controversy as to the validity of the assignment, and expressed a desire that the claim due from his deceased wife to Dickson should be paid, saying that it was due by his wife's estate, was just, and ought to be paid. He went so far as to say to Gen. Taliaferro that he was ashamed that he had taken any steps to prevent its collection. The above paper addressed to Dickson by George Hughes was exhibited to the commissioner, who reported the claim against Mrs. Hughes' estate, which is the subject of the controversy in this suit, and amounting to $2,-284.93, including interest. From this statement of facts it is obvious that no good purpose will be served by a review of the several assignments of error contained in the petition for this appeal, as they are all founded upon matters covered entirely by the act of George Hughes in withdrawing all controversy as to the validity of this claim against his wife's estate, which is

set forth in full above ; and, as appellants are claiming under George Hughes, they are estopped by his act, recognizing the validity of the claim, from setting up the defense against it that they seek to make in this record.    It is admitted in argument that the estate of Mrs. Hughes is solvent, and that, therefore, the estate of George Hughes is also solvent ; and, appellants being merely the recipients of George Hughes' bounty, they have no right to question the validity of the act on his part in withdrawing all obstacles, if there were any, in the way of collecting this debt, which he recognized as justly due from his wife's estate.    The appellants do not rely upon any fact or circumstance whatever arising since the date of the writing addressed to Dickson by George Hughes of May 28, 1888, and of his statement to Gen. Taliaferro touching this claim, but base their defense upon matters fully within the knowledge of George Hughes when he signed the paper and made the statements to Gen. Taliaferro.    The decree appealed from is right, and must, therefore, be affirmed.